1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

JAMES BYRON HOLCOMB,

10

Plaintiff,

CASE NO. C10-5509BHS

11

v.

12

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY d/b/a
NORTHWESTERN MUTUAL,

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO
JOIN A REQUIRED PARTY

13

14

Defendant.

15

16       This matter comes before the Court on Defendant The Northwestern Mutual Life

17   Insurance Company's ("NM") motion to dismiss for failure to join a required party (Dkt.

18   8).  The Court has considered the pleadings filed in support of and in opposition to the

19   motion and the remainder of the file and hereby grants NM's motion to dismiss for the

20   reasons stated herein.

21                        **I. PROCEDURAL AND FACTUAL HISTORY**

22       On July 21, 2010, James Byron Holcomb ("Holcomb") filed the complaint in this

23   action in which he characterizes his claims as seeking to foreclose an attorney lien for

24   services performed for Frank Fisher ("Fisher"), an insured under a disability insurance

25   policy issued by NM.  *See* Dkt. 1.  Holcomb maintains that, as part of his former

26   representation of Fisher, he is entitled to 20% of any past or present disability benefits

27   owed to Fisher by NM.  *Id*.

28

ORDER – 1

1    Prior to Holcomb's filing of this action, Fisher filed a suit against Holcomb in state

2  court contesting Holcomb's right to collect any percentage of Fisher's disability benefits.

3  Fisher's suit is partially based on allegations that Holcomb's license to practice law in

4  Washington was, during the time of his representation, and is currently, suspended.  Dkt.

5  9 at 5-15.  Holcomb attempted to remove Fisher's lawsuit to this Court, but the Court

6  remanded the action for lack of subject matter jurisdiction.  *Id*. at 22-24.  Further, NM

7  commenced an interpleader action in state court against Holcomb and Fisher seeking

8  resolution of the parties' dispute regarding the disability insurance benefits and to allow

9  NM to deposit any proceeds that have or may become due to Fisher in the court's

10  registry.  Dkt. 9 at 17-20.  Both state court actions are currently pending.

11    On October 29, 2010, NM filed its motion to dismiss this action for failure to join

12  a required party.  Dkt. 8.  On November 12, 2010, Holcomb filed a motion to renote or

13  continue NM's motion to dismiss.  Dkt. 10.  To the extent that Holcomb sought additional

14  time to file a response to NM's motion to dismiss, the Court grants Holcomb's motion to

15  continue (Dkt. 10) and has considered Holcomb's response filed on December 14, 2010

16  (Dkt. 15).

17                                  **II. DISCUSSION**

18    Whether an action should be dismissed under Rule 19 of the Federal Rules of Civil

19  Procedure requires the Court to first "determine whether the absent party is a 'necessary'

20  party.  If the absent party is necessary and cannot be joined, the court next must determine

21  whether the party is 'indispensable.'"[1]  *Kescoli v. Babbitt*, 101 F.3d 1304 at 1309 (9th Cir.

22  1996) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990)) (internal

23  citations omitted).  Finally, "if joinder is not feasible, the court must determine . . .

24

25    [1]In 2007, the rules were changed, replacing the term "necessary party" with

26  "required party" to make "style and terminology consistent" throughout the rules. Fed. R.
   Civ. P. 19, Advisory Committee Notes. *See also E.E.O.C. v. Peabody Western Coal Co.*, 610

27  F.3d 1070, 1077-1078 (9th Cir. 2010).

28

ORDER – 2

1  whether the case can proceed without the absentee, or whether the absentee is an

2  'indispensable party' such that the action must be dismissed." *E.E.O.C. v. Peabody*

3  *Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (*"Peabody II"*).

4  **A.    Fisher is a Required Party Pursuant to Rule 19**

5      Federal Rule of Civil Procedure 19 governs required joinder of parties:

6          A person who is subject to service of process and whose joinder will
       not deprive the court of sub-ject-matter jurisdiction must be joined as a
7      party if:
           (A) in that person's absence, the court cannot accord complete relief
8      among existing parties; or
           (B) that person claims an interest relating to the subject of the action
9      and is so situated that disposing of the action in the person's absence may:
           (i) as a practical matter impair or impede the person's ability to
10     protect the interest; or
           (ii) leave an existing party subject to a substantial risk of incurring
11     double, multiple, or otherwise inconsistent obligations because of the
       interest.
12
   Fed. R. Civ. P. 19(a)(1).
13
       To determine whether a non-party is required under Rule 19(a), a court must
14
   conduct a two-pronged analysis: First, a court determines whether "complete relief" is
15
   possible among those already parties to the suit; and second, a court decides whether the
16
   non-party has a "legally protected interest in the suit." *Yellowstone County v. Pease*, 96
17
   F.3d 1169, 1172 (9th Cir.1996).  If a non-party satisfies either of the two prongs, the
18
   non-party is necessary. *Id.*
19
       Under the second prong, a court must determine "whether the absent party has a
20
   legally protected interest in the suit." *Makah*, 910 F.2d at 558 (emphasis omitted).  "A
21
   fixed fund which a court is asked to allocate may create a protectable interest in
22
   beneficiaries of the fund." *Id.*  "If a legally protected interest exists, the court must
23
   further determine whether that interest will be impaired or impeded by the suit.
24
   Impairment may be minimized if the absent party is adequately represented in the suit."
25
   *Id.* (emphasis and citations omitted).  In addition, the Court must consider whether there
26
   is a risk of inconsistent rulings and how it will affect the parties in the action before it.  *Id.*
27

28

ORDER – 3

1   at 558-59.  "Allocation of a limited fund to which absent parties are entitled may create

2   such a risk."  *Id*. at 559.

3       Here, Fisher is clearly a required party.  First, the Court cannot grant complete

4   relief among the parties as NM's liability to Holcomb rests on whether Holcomb is

5   entitled to a percentage of Fisher's disability benefits.  Second, Holcomb is asking the

6   Court to allocate a type of fixed fund, that is, Fisher's disability benefits, in which Fisher

7   has a legally protectable interest.  Next, Fisher's rights are not adequately represented in

8   this suit as NM has no interest in whether the benefits are paid to Holcomb or Fisher.

9   Finally, there is a clear risk of inconsistent rulings as Fisher filed an action, prior to

10   Holcomb's filing of the instant action, to resolve the dispute between them regarding the

11   disability benefits.  In addition, NM has filed an interpleader action in state court to place

12   any disputed disability benefits into the registry of the court and resolve any disputes

13   between NM and the parties.

14   **B.**     **Feasibility to Join a Required Party**

15       Because the Court has concluded that Fisher is a required party under Rule 19, it

16   must determine whether joining him as a party to this action is not feasible such that

17   dismissal of the action is proper.  In the Ninth Circuit, there are "three circumstances

18   [under Rule 19] in which joinder is not feasible: when venue is improper, when the

19   absentee is not subject to personal jurisdiction, and when joinder would destroy subject

20   matter jurisdiction."  *Peabody II*, 400 F.3d at 779.

21       Here, because the Court's jurisdiction is based on diversity and Fisher and

22   Holcomb are not diverse as they are both citizens of the state of Washington (*see* Dkt. 1 at

23   1-3 & Dkt. 9 at 5-6), joinder of Fisher is not feasible as it would destroy subject matter

24   jurisdiction.  *See* 28 U.S.C. § 1332(a); *Caterpillar v. Lewis*, 519 U.S. 61, 68 (stating that

25   diversity jurisdiction applies "only to cases in which the citizenship of each plaintiff is

26   diverse from the citizenship of each defendant").

27

28

ORDER – 4

1  **C.      Fisher is a Required Party Requiring Dismissal**

2      If joinder of a required party is infeasible, the Court "must determine whether, in

3  equity and good conscience, the action should proceed among the existing parties or be

4  dismissed." Fed. R. Civ. P 19(b). "The inquiry is a practical one and fact specific . . . and

5  is designed to avoid the harsh results of rigid application." *Peabody*, 610 F.3d at 1083

6  (quoting *Makah*, 910 F.2d at 558). The Court looks to the four factors listed in Rule

7  19(b) to determine if Holcomb's claims against NM should be dismissed:

8          (1) the extent to which a judgment rendered in the person's absence
    might prejudice that person or the existing parties;
9          (2) the extent to which any prejudice could be lessened or avoided
    by:
10          (A) protective provisions in the judgment;
           (B) shaping the relief; or
11          (C) other measures;
           (3) whether a judgment rendered in the person's absence would be
12  adequate; and
           (4) whether the plaintiff would have an adequate remedy if the action
13  were dismissed for nonjoinder.

14  Fed. R. Civ. P. 19(b).

15      Here, the Court concludes that all four factors listed in Rule 19(b) weigh in

16  favor of dismissal. First, a judgment rendered in favor of Holcomb, without Fisher

17  being present to defend his rights and interests, would not resolve the ultimate

18  dispute in this case regarding the disability benefits and would therefore be

19  inadequate and unduly prejudicial both to NM and to Fisher as it could create

20  inconsistent results regarding the disability benefits. Next, there are no measures

21  that could lessen or avoid this prejudice because Fisher cannot be joined as a party

22  and the appropriate measure of filing an interpleader action has already been

23  commenced by NM in state court. Finally, Holcomb has adequate remedies for

24  pursuing his claims through the state court action filed by Fisher and the

25  interpleader action filed by NM.

26

27

28

ORDER – 5

1

**III. ORDER**

2      Therefore, the Court hereby **GRANTS** NM's motion to dismiss (Dkt. 8) and this

3  action is **DISMISSED**.

4      DATED this 4th day of January, 2011.

5

6

7      BENJAMIN H. SETTLE
       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 6